# Exhibit A

**AFFIDAVIT OF VERONICA N. FINK, ESQ. IN SUPPORT OF REMOVAL**

STATE OF NEVADA        )
COUNTY OF CLARK        )

1. I am an attorney duly licensed to practice law in the State of Nevada and an associate with the law firm of Resnick & Louis, P.C.

2. I am one of the attorneys for Defendant, COOL FREIGHT EXPRESS, INC., ("Cool Freight") in this matter. I have personal knowledge of the facts contained herein, and I am competent to testify thereto.

3. Plaintiff filed his Complaint on April 10, 2020.

4. Upon information and belief, Plaintiff served the Summons and Complaint on Cool Freight, Inc. on May 22, 2020.

5. On May 26, 2020, our office sent Plaintiff's counsel correspondence advising of our retention and requesting information regarding Plaintiff's alleged injuries and damages (to ascertain whether the same exceed $75,000).

6. On June 2, 2020 I spoke with Plaintiff's counsel, Brent Harsh, Esq., regarding an extension to respond to the Complaint (which was granted) and to first evaluate the claims and damages at issue. Mr. Harsh was in the process of obtaining medical records and billing. He also advised that Plaintiff's tractor-trailer was damaged, required repairs, and that Plaintiff will assert a lost wages claim.

7. On June 10, 2020 I called Mr. Harsh again and followed up on the requested documentation supporting Plaintiff's damages, however, it was still not yet available.

8. On June 15, 2020, I again conferred with Mr. Harsh regarding any information as to Plaintiff's alleged damages. He indicated he was still compiling it and stated that Cool Freight suggest the shop Plaintiff should obtain an estimate from regarding the damaged tractor-trailer. We agreed to reach out to Cool Freight's carrier for preferred repair shops specializing in semi/tractor-trailer repair.

1

9. On June 16, 2020, I again spoke with Mr. Harsh who disclosed for the first time that his client had undergone shoulder surgery a few weeks prior and that Plaintiff would not be able to work for an anticipated 4 weeks. Mr. Harsh also disclosed that Plaintiff would be seeking an additional consultation for his knee which could include an arthroscopy.

10. On June 19, 2020, I most recently spoke with Mr. Harsh. Plaintiff's demand package with medical and billing records was still not available. I advised that we would be removing this case to Federal Court based on his representations regarding the scope of injuries and damages disclosed to date as appearing to exceed the $75,000.00 threshold to satisfy the amount in controversy for diversity. Alternatively, if Plaintiff would agree to stipulate that the damages do not exceed $75,000.00, then we would not remove to Federal Court. We did not receive a response.

11. It is my understanding that the aforementioned communications were the first instances that my client could reasonably learn that the amount of Plaintiff's alleged damages are in excess of $75,000.00.

12. Based upon the forgoing, this removal is in good faith.

Further affiant sayeth naught.

Veronica N. Fink, Esq.

SIGNED and SWORN to before me this ___ day of June, 2020.

Notary Public



SHIRLEY A. MATTOX
Notary Public, State of Nevada
No. 93-1794-1
My Appt. Exp. June 19, 2020