**RESNICK & LOUIS, P.C.**
MELISSA J. ROOSE, ESQ.
Nevada Bar No. 7889
VERONICA N. FINK, ESQ.
Nevada Bar No. 14516
8925 West Russell Road, Suite 220
Las Vegas, NV  89148
mroose@rlattorneys.com
vfink@rlattorneys.com
Telephone: (702) 997-3800 / Facsimile: (702) 997-3800
*Attorneys for Defendants*
*Cool Freight Express, Inc. and*
*Tarandeep Singh*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MARTIN ORTIZ<br><br>                    Plaintiffs,<br><br>v.<br><br><br>COOL    FREIGHT    EXPRESS,    INC.,<br>TARANDEEP SINGH, DOES 1-10, and ROE<br>CORPORATIONS 1-10,  Inclusive<br><br>                    Defendants. | CASE NO.:  3:20-cv-00379-LRH-WGC<br><br>**DEFENDANT TARANDEEP SINGH'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant, TARANDEEP SINGH, by and through his counsel of record, MELISSA J. ROOSE, ESQ. and VERONICA N. FINK, ESQ., of the law offices of RESNICK & LOUIS, P.C., hereby answers Plaintiff's Complaint as follows:

   1.   Answering Paragraphs 1 and 3 of Plaintiff's Complaint, the allegations contained therein do not assert claims against this Defendant; therefore, no response is required. To the extent that a response is necessary, Defendant states it lacks sufficient information or knowledge to enable it to answer said allegations, and based thereon, denies the allegations contained therein.

   2.   Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that he is a California resident.

1

3.   Answering Paragraph 4 of Plaintiff's Complaint, Defendant states that this paragraph contains purported legal conclusions and/or statements and recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, as to this Defendant, Defendant denies the allegations contained therein. Defendant further denies Plaintiff was damaged in any sum whatsoever.

## FIRST CLAIM OF ACTION
### (Negligence)

4.   Answering Paragraph 5 of Plaintiff's Complaint, Defendant hereby incorporates its responses to Paragraphs 1-4 as though fully contained herein.

5.   Answering Paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 of Plaintiff's Complaint, Defendant states that these paragraphs contain purported legal conclusions and/or statements and recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendant admits only that he was driving the subject 2020 Volvo Semi, California license plate XP57189, in the course and scope of his employment, and denies the remainder of allegations contained therein. Defendant further denies Plaintiff was damaged in any sum whatsoever.

## SECOND CLAIM OF ACTION
### (Negligence Per Se)

6.   Answering Paragraph 16 of Plaintiff's Complaint, Defendant hereby incorporates its responses to Paragraphs 1-15 as though fully contained herein.

7.   Answering Paragraphs 17, 18, 19, 20, 21, 22 and 23 of Plaintiff's Complaint, Defendant states that these paragraphs contain purported legal conclusions and/or statements and recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendant denies the allegations contained therein. Defendant further denies Plaintiff was damaged in any sum whatsoever.

/ / /

/ / /

**THIRD CLAIM OF ACTION**
**(Intentional Infliction of Emotional Distress)**

8.  Answering Paragraph 24 of Plaintiff's Complaint, Defendant hereby incorporates its responses to Paragraphs 1-23 as though fully contained herein.

9.  Answering Paragraphs 25, 26, 27, 28 and 29 of Plaintiff's Complaint, Defendant states that these paragraphs contain purported legal conclusions and/or statements and recitals of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendant denies the allegations contained therein. Defendant further denies Plaintiff was damaged in any sum whatsoever.

**FOURTH CLAIM OF ACTION**
**(Respondeat Superior)**

10. Answering Paragraph 30 of Plaintiff's Complaint, Defendant hereby incorporates its responses to Paragraphs 1-29 as though fully contained herein.

11. Answering Paragraphs 31, 32, 33, 34 and 35 of Plaintiff's Complaint, Defendant states that these paragraphs contain purported legal conclusions and/or statements and recitals of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendant admits only that he was driving the subject 2020 Volvo Semi, California license plate XP57189, in the course and scope of his employment, and denies the remainder of allegations contained therein. Defendant further denies Plaintiff was damaged in any sum whatsoever.

**FIFTH CLAIM OF ACTION**
**(Negligent Supervision, Hiring, and Training)**

12. Answering Paragraph 36 of Plaintiff's Complaint, Defendant hereby incorporates its responses to Paragraphs 1-35 as though fully contained herein.

13. Answering Paragraphs 37, 38, 39, 40, 41, 42, 43, 44 and 45 of Plaintiff's Complaint, Defendant states that these paragraphs contain purported legal conclusions and/or statements and recitations of law, rather than allegations, and as such, no response is necessary. To the extent

that a response is necessary, Defendant admits only that he was driving the subject 2020 Volvo Semi, California license plate XP57189, in the course and scope of his employment, and denies the remainder of allegations contained therein. Defendant further denies Plaintiff was damaged in any sum whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant denies each and every allegation not specifically admitted herein.

### SECOND AFFIRMATIVE DEFENSE

Defendant denies the breach of any duty whatsoever to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendant denies that Defendant caused damages to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that Plaintiff's Complaint and each and every portion thereof fails to set forth facts sufficient to constitute any viable cause of action as against the answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges Plaintiff failed to state claims for which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges the claims asserted in the Complaint are barred by the applicable statute of limitations and/or laches.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that Plaintiff failed to make reasonable effort to mitigate the damages, if any, in whole or in part.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges Plaintiff's claims are barred by Plaintiff's assumption of the risk.

### NINTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that at or about the time of place referenced in Plaintiff's Complaint, if Plaintiff suffered any injury or damages, any such injury or damage was proximately and legally caused and contributed to the negligence and fault of Plaintiff, and that said negligence and fault of Plaintiff reduces, pro rata, any recovery otherwise available to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times and places alleged in the Complaint, Plaintiff did not exercise ordinary care, caution, or prudence in the premises to avoid the loss herein complained of, and that same was directly and proximately contributed to and caused by the negligence, misconduct, and fault of Plaintiff, which exceeded that of Defendant, if any, and Plaintiff is thereby barred from any recovery against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges and without admitting Plaintiff has suffered, or will suffer, any damages or injuries as a result of conduct alleged in Plaintiff's Complaint, that any damages or injuries which were, or will be, sustained by Plaintiff was caused in whole or in part by the negligence and/or tortious acts, omissions and/or conduct of persons, parties or entities other than the answering Defendant over whom Defendant had no control.   Any damages recoverable by Plaintiff must be diminished in proportion to the amount of fault attributed to said other persons, parties, or entities.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that Plaintiff's Complaint and causes of action against Defendant fail to set forth acts sufficient to give rise to exemplary or punitive damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant incorporates any and all affirmative defenses of any and all parties hereto.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant hereby raises the following defenses, which through subsequent discovery

may further be supported by facts, all of which may not presently be known, as follows: accord and satisfaction, arbitration and award, assumption of risk, estoppel, economic loss doctrine, failure to mitigate damages, failure to minimize damages, laches, lack of jurisdiction, payment, release, res judicata, collateral estoppel, statute of limitations, settlement and release, and waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

That it has been necessary for Defendant to employ the services of an attorney to defend this action, and a reasonable sum should be allowed Defendant for its attorney's fees together with costs expended in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Pursuant to NRCP 11, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant respectfully requests the following relief:

1. That Plaintiff takes nothing by virtue of the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That Defendant be awarded judgment in this action;

4. That Defendant be awarded its attorney's fees and costs incurred herein; and

5. For such other and further relief as the Court deems just and proper.

The undersigned hereby certifies and affirms that this document does not contain a social security number, pursuant to NRS 239B.030.

DATED this 26th day of June, 2020.

**RESNICK & LOUIS, P.C.**

*/s/ Melissa J. Roose*

_____
Melissa J. Roose, Esq., SBN: 7889
mroose@rlattorneys.com
Veronica N. Fink, Esq., SBN: 14516
vfink@rlattorneys.com
8925 W. Russell Road, Suite 220
Las Vegas, NV 89148
*Attorneys for Defendants*
*Cool Freight Express, Inc. and*
*Tarandeep Singh*

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing was served this 26th day of June, 2020, by:

[ ]   **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada, addressed as set forth below.

[ ]   **BY FACSIMILE**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a).  A printed transmission record is attached to the file copy of this document.

[ ]   **BY PERSONAL SERVICE**: by causing personal delivery by an employee of Resnick & Louis, P.C. of the document(s) listed above to the person(s) at the address(es) set forth below.

[X ]   **BY ELECTRONIC SERVICE**: by transmitting via the Court's electronic filing services the document(s) listed above to the Counsel set forth on the service list on this date pursuant to ECF System.

Brent Harsh, Esq.
Karl H. Smith, Esq.
COULTER HARSH LAW
403 Hill Street
Reno, NV 89501
Phone: (775) 324-3380
*Attorneys for Plaintiff*


__*/s/ Brittany Willis*_____
An Employee of Resnick & Louis, P.C.