UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN ORTIZ,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>COOL FREIGHT EXPRESS INC., TARANDEEP SINGH, 1 – 10, and ROE CORPORATIONS 1 – 10, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:20-CV-00379-LRH-WGC<br><br>ORDER |

Before the Court is Martin Ortiz's ("Plaintiff") motion to remand to state court dated June 26, 2020 (ECF No. 11). Cool Freight Express Inc. and Tarandeep Singh ("Defendants") responded to the motion (ECF No. 13) and Plaintiff subsequently replied (ECF No. 14). Also, before the Court is the parties' stipulation to amend the original complaint (ECF No. 21). For the reasons stated below, the Court will grant the Plaintiff's motion to remand to state court, and find that the parties' stipulation to amend the original complaint is moot.

**I. Background**

This case involves a motor vehicle collision which occurred on December 10, 2019. ECF No. 11 at 1. Because of the collision, Plaintiff filed suit against Defendants in state court on April 10, 2020. *Id.* Defendants removed the action to federal court in June 2020. ECF No. 1.

In the Notice of Removal, Defendants allege that "there is complete diversity between the parties and more than $75,000 [is] in controversy." ECF No. 1 at 2. Specifically, as it relates to the amount in controversy, Defendants allege that "based on multiple conversations with Plaintiff's

1

counsel on June 2, 10, 15, 16, and 19, Plaintiff's claimed damages are believed to be well in excess of $75,000.00…" *Id.*

Plaintiff contests the amount in controversy. In his motion to remand, Plaintiff states that "Defendants' Notice of Removal does not include evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold." ECF No. 11 at 2. In their response, Defendants contend that based on representations by Plaintiff—concerning the nature of the injuries, the scope of the medical treatment, the time of lost wages, and the type of vehicle damage—one could reasonably surmise that the amount in controversy exceeds $75,000. ECF No. 13 at 3. The Court was provided with two emails between the parties regarding the amount in controversy. ECF No 13-1, 13-2. In his reply, Plaintiff maintains that Defendants are making conclusory assumptions regarding the amount in controversy based solely on hearsay statements, and not by a preponderance of the evidence. ECF No. 14. These arguments largely form the basis of this order.

As an aside, the parties have also stipulated to amend the original complaint outlining the exact time and location the motor vehicle collision occurred, as well as dismissing the claim of intentional infliction of emotional distress. ECF No. 21.

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). "[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is "facially apparent" from the complaint that the jurisdictional amount in controversy requirement is met. *Singer v. State Farm Mut. Auto. Ins. Co.*,

116 F.3d 373, 377 (9th Cir.1997). Generally, courts apply a mechanical test to determine whether the amount in controversy requirement has been met when a case is removed to federal court: "The district court simply reads the ad damnum clause of the complaint to determine whether the matter in controversy exceeds" $75,000.00. *Id.* at 375. If it is apparent to the court that the claim was made in good faith, then the value of the claim controls for purposes of removal, unless it appears "to a legal certainty that the plaintiff cannot recover the amount claimed." *Id.*

However, if a plaintiff's complaint fails to specify damages, or specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold. *Sanchez*, 102 F.3d at 403–04. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id.* at 404. Consequently, "jurisdiction may [not] be maintained by mere averment." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Sanchez*, 102 F.3d at 403.

Removal of a case to district court may be challenged by motion and a federal court must remand a matter if there is a lack of jurisdiction. *See generally*, 28 U.S.C. § 1441. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *see also, Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III. Discussion

It is undisputed that the parties are diverse for diversity jurisdiction purposes, but Plaintiff argues that Defendants' notice of removal is insufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See* ECF No. 11.

In order to meet their burden for removal, a defendant must present evidence that the amount in controversy exceeds $75,000. *McCaa v. Massachusetts Mutual Life Insurance Company*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004); *see also, Gaus*, 980 F.2d at 567. In his complaint, Plaintiff requests damages in excess of $15,000; for past and future special damages according to proof (unspecified); for attorney's fees, court and other costs and disbursements

3

incurred, and to be incurred in connection with this action (unspecified); for punitive damages (unspecified); and for such other and further relief this Court may deem just and proper (unspecified). ECF No. 1-3, at 13.

As noted, Defendants argue, that based on the nature of the injury and their correspondence with the Plaintiff, they believe that the claimed damages are to be well in excess of $75,000. ECF No. 1 at 2. Since the Plaintiff contests the Defendant's assertion of the amount in controversy, any estimation of damages based solely on the nature of the injury is speculative without more evidence. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir.2003) ("Conclusory allegations as to the amount in controversy are insufficient"). The emails provided by the Defendant are inconclusive and provide no specific estimation as to damages.[1] Additionally, there is nothing in the record related to the injury which conclusively indicates the amount in controversy exceeds $75,000. To be sure, this does not mean to suggest what the actual amount in controversy is. Rather, the available record suggests that this Court lacks jurisdiction, as it is sustained largely on "mere averment". *McNutt*, 298 U.S. at 189.

Briefly, because of this ruling on the dispositive motion, the parties' stipulation to amend the complaint is ruled to be moot.

### IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand to State Court (ECF No. 11) is **GRANTED.**

IT IS FURTHER ORDERED that the Stipulation to Amend the Complaint (ECF No. 21) is **DENIED as moot**.

IT IS SO ORDERED.

DATED this 21st day of October, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] The Court was provided two emails between the parties. Both are merely requests by the Defendants for specific estimations regarding the injuries. Neither contain an estimation. ECF No. 13-1, 13-2.